Jerry R. NOLAN, Plaintiff—Appellant,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant—Appellee.

No. 04–35700.
D.C. No. CV–03–03064–REJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Nov. 17, 2005.

Robert W. Boyer, Grants Pass, OR, Tim D. Wilborn, Esq., West Linn, OR, Linda Ziskin, Law Offices, Lake Oswego, OR, for Plaintiff–Appellant.

Craig J. Casey, Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, David R. Johnson, Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before FISHER, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Appellant Gerald R. Nolan appeals the district court's order denying his motion to alter or amend the judgment which affirmed the Administrative Law Judge's (ALJ's) denial of Nolan's disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* We affirm.

Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition. Nolan claims he has been unable to work since October 7, 1998 due to a lumbar spine injury, pain, and mental disorders. The Social Security Agency (SSA) denied his application for disability benefits initially and on reconsideration. On June 12, 2000, an ALJ conducted a hearing where Nolan, his wife, a vocational rehabilitation counselor, and a vocational expert testified. The ALJ found Nolan not to be a credible witness and derivatively found Nolan's witnesses not to be credible either. The ALJ in part relied on the vocational expert's testimony to find that Nolan could still perform past relevant work as generally performed within the national economy: a supervisor of an auto body repair shop. Therefore, the ALJ denied Nolan's claim for disability benefits.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review the district court's decision to affirm the ALJ's denial of disability benefits *de novo. Batson v. Commissioner,* 359 F.3d 1190, 1193 (9th Cir.2004). This Court must affirm an ALJ's denial if it is "supported by substantial evidence, and if [the ALJ] applied the correct legal standards." *Id.*

Nolan contends that the ALJ should not have characterized his past relevant work as solely requiring the functions of an auto body repair shop supervisor since his actual job combined tasks of both a supervisor and auto body repairman. We disagree. The SSA's regulations state that it can define a claimant's past relevant work either through the claimant's actual past functions or his past occupation's functions as generally required within the national economy. 20 C.F.R. § 404.1560(b)(2). Although Nolan's past occupation actually incorporated tasks which require a medium exertion level, the ALJ reasonably relied on the vocational expert's opinion that his overall occupation within the national economy generally requires light exertion.[1] Nolan's analogy to *Vertigan v. Halter,* 260 F.3d 1044 (9th Cir.2001), is unavailing because the ALJ there rejected the vocational expert's testimony and characterized the claimant's work according to the exertion level of an isolated duty within his past occupation. *Id.* at 1051–52.

We also reject Nolan's contention that the ALJ improperly ignored or rejected the medical opinions of his physicians. Instead, the ALJ properly relied on the opinions of both treating and evaluating physicians to determine that Nolan can perform work at a light exertion level.

Nolan next argues that the ALJ improperly rejected Nolan's testimony, including his testimony as to his level of pain, and the testimony of other lay witnesses. However, the ALJ offered "specific, clear and convincing reasons" for finding Nolan's testimony not to be credible and rejecting his testimony as to the level of pain he experiences. *Smolen v.*

1. Contrary to Nolan's claim, the vocational expert did take into account all of Nolan's documented and credible limitations to arrive at this opinion.

*Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). The ALJ concluded that the objective medical evidence, psychologists' opinions, Nolan's daily activities, and his behavior within the hearing were inconsistent with Nolan's stated level of pain. The ALJ also properly discounted the testimony of Nolan's wife and vocational rehabilitation counselor because their testimony largely resulted from Nolan's presentment of pain.

■ Finally, the ALJ did not need to consider separately a psychological basis for Nolan's pain because he deemed Nolan's testimony not credible. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002).

The district court's denial of Nolan's motion to alter or amend the judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.